UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THEODORE STEVENS,<br><br>　　　　　　Petitioner,<br>　　v.<br>JOE LOMBARDO, et al.,<br>　　　　　　Respondents. | Case No. 3:25-cv-00281-MMD-CSD<br><br>ORDER |

　　Petitioner Theodore Stevens has submitted a *pro se* petition for writ of habeas corpus. (ECF No. 1-1 ("Petition").) The Court has reviewed the Petition and dismisses it as second and successive. "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). Where a petition has been dismissed with prejudice as untimely or because of procedural default, the dismissal constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244. *See McNabb v. Yates*, 576 F.3d 1028, 1029-1030 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

　　Stevens indicates on the face of his Petition that he seeks to challenge his 2007 conviction of first-degree murder, arguing that his coerced confession violated his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). (ECF No. 1-1 at 1.) He submits his Petition as a 28 U.S.C. § 2241 petition and argues that his sentence is illegal "for lack of jurisdiction" due to the alleged *Miranda* violation. The Court's docket reflects that Stevens filed a previous federal petition in this Court in 2012. *See Stevens v. Nev. Att'y Gen.*, Case No. 3:12-cv-00081-RCJ-WGC. In April 2015, the Court denied that petition on the merits in its entirety, and judgment was entered. *See id*. at ECF No. 49. The Court granted

a certificate of appealability on the issue of whether the *Miranda* warnings given to Stevens before his statement to a particular investigator were effective. *See id*. The Ninth Circuit affirmed the denial of the petition. *See id*. at 55. The instant Petition, therefore, is properly construed as a second or successive § 2254 habeas corpus petition. *See Henderson*, 396 F.3d at 1053. Stevens takes pains to characterize the Petition as a challenge to jurisdiction under § 2241 in order to avoid the second and successive bar. This attempt is unavailing because the gravamen of the current petition is that Stevens' state conviction violated his constitutional rights. This falls squarely under § 2254(a).[1] Stevens was required to obtain authorization from the Ninth Circuit before he could proceed. *See* 28 U.S.C. § 2244(b)(3). He cannot avoid that statutory requirement by titling his Petition as a § 2241 petition. The Court accordingly dismisses Stevens' Petition with prejudice. And because reasonable jurists would not find this conclusion to be debatable or wrong, the Court declines to issue a certificate of appealability.

It is therefore ordered that the Clerk of Court detach and file the Petition (ECF No. 1-1).

It is further ordered that Stevens' Petition (ECF No. 1-1) is dismissed with prejudice as second and successive.

It is further ordered that a certificate of appealability will not issue.

It is further ordered that Petitioner's motion to the court to issue order (ECF No. 5), motion/request for stipulation (ECF No. 6), motion for order for respondents to produce oppositions (ECF No. 11), and motion for prosecution (ECF No. 12) are denied as moot.

///
///
///
///

---

[1] "[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Clerk of Court is further directed to enter judgment accordingly and close this case.

DATED THIS 27th Day of June 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE