UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

THEODORE STEVENS,

                 Petitioner,

   v.

JOE LOMBARDO, et al.,

              Respondents.

Case No. 3:25-cv-00281-MMD-CSD

ORDER

The Court dismissed Petitioner Theodore Stevens *pro se* petition for writ of habeas corpus as second and successive, judgment was entered, and the case was closed. (ECF Nos. 16, 18.) Stevens has filed a motion to alter/amend judgment. (ECF No. 20 ("Motion").) Because Stevens has not presented any valid basis for the Court to reconsider its previous order, the Motion is denied.

Federal Rule of Civil Procedure 60(b) entitles a moving party to relief from a judgment on several grounds, including the catch-all provision for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). A motion under subsections (b)(4-6) must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Stevens indicates on the face of his petition that he seeks to challenge his 2007 conviction of first-degree murder, arguing that his coerced confession violated his *Miranda*[1] rights. (ECF No. 17 at 1.) He styles the current petition as a 28 U.S.C. § 2241 petition and argues that his sentence is illegal "for lack of jurisdiction" due to the alleged *Miranda* violation. The Court dismissed the petition as second and successive to Stevens' petition in Case No. 3:12-cv-00081-RCJ-WGC. That petition was denied on the merits in

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

its entirety, and the Ninth Circuit Court of Appeals affirmed its denial. (ECF Nos. 49, 55.) This petition, therefore, is properly construed as a second or successive § 2254 habeas corpus petition. *See McNabb v. Yates*, 576 F.3d 1028, 1029-1030 (9ᵗʰ Cir. 2009); *see also Henderson v. Lampert*, 396 F.3d 1049, 1053 (9ᵗʰ Cir. 2005). Stevens was required to obtain authorization from the Ninth Circuit before he could proceed. *See* 28 U.S.C. § 2244(3)(A).

A petition filed by a person in custody under a state court's judgment, claiming that the custody violates the Constitution, laws, or treaties of the United States, is brought under § 2254(a). Stevens agrees that this petition challenges his state conviction as violative of his constitutional rights. (ECF No. 20 at 1-2.) Though Stevens persists in arguing that the petition is properly brought under § 2241, this petition falls squarely under § 2254(a). As the Court has stated, Stevens cannot avoid the statutory requirement of authorization from the Ninth Circuit by titling his petition as a § 2241 petition. Stevens does not argue that he has obtained such authorization. Therefore, Stevens has not demonstrated that the Court should reconsider its order dismissing this petition. Accordingly, the Court denies the Motion.

Stevens also filed two motions arguing that the petition should be granted because Respondents have not filed a response. (ECF Nos. 24, 27.) But the Court dismissed the petition on initial review. (ECF No. 16.) The petition was never served on Respondents. Respondents have not appeared in this case, and no action was required of them. The motions are therefore denied.

///
///
///
///
///
///
///

2

It is therefore ordered that Stevens' motion to alter/amend judgment (ECF No. 20) is denied.

It is further ordered that Stevens' motion for order granting and motion for order granting to vacate (ECF Nos. 25, 27) are denied.

It is further ordered that Stevens' motion to withdraw the three motions he filed at ECF Nos. 22, 23, and 24 is granted.

DATED THIS 14th Day of October 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE